JAMES W. LLOYD *v.* TERRITORY OF HAWAII.

ORIGINAL.

ARGUED JULY 3, 1909.　　　　　　　DECIDED JULY 14, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

PLEADING—*action against Territory.*

> In an action against the Territory on an unauthorided contract made by certain officers of the house of representatives the petition showing that such contract was ratified by the house is good on demurrer.

OPINION OF THE COURT BY WILDER, J.

A demurrer to the original petition having been sustained (ante, p. 491,) and plaintiff having filed an amended petition, the defendant again demurs on the same grounds as before.

A restatement of the allegations in the first petition and which are again set forth in the present one will not be made. It definitely appears in the amended petition that the services rendered by plaintiff for which compensation is sought in this action were not a part of his duties as stenographer of the house of representatives and constituted extra work. Rule 19 of the house provides in part that "all of the officers of the house shall be directly responsible to the speaker and shall obey and perform all of his orders and directions subject to

revision by the house." Rule 27 of the house makes it the duty of the committee on public expenditures and accounts to "superintend and control the contingent expenses of the house and to audit and settle all accounts which may be charged thereon," and further provides that "no bills shall be incurred without the order of the said committee." The reasonable value of the services is also alleged.

The power of the speaker to require the officers of the house to obey and perform his orders and directions did not give him power to bind the house to pay for extra work which he ordered or directed to be done, but only had reference to orders and directions in regard to the regular, usual and prescribed duties of the officers. Nothing is alleged as to the powers of the committee on enrollment, revision and printing. Whether the committee on public expenditures and accounts, whose functions during the time in question it is alleged were assumed and performed by its chairman with the acquiescence of the other members of the committee, had the power to enter into the agreement with plaintiff in regard to compensation for extra work by implication from its duty to superintend and control the contingent expenses of the house and to audit and settle all accounts charged thereon, need not be determined in view of our conclusion on the subject of ratification.

It is alleged, however, that the extra work was performed for additional compensation with the assent and full knowledge of the members of the house, and that with such knowledge the result of the work was accepted and used by them, although in deference to the wishes of the speaker and one other member a resolution to pay plaintiff for such services was laid on the table. As the house could have directed the performance of these services and the payment therefor, when with full knowledge of the fact that the speaker had directed the stenographer to perform some extra work and that he with the chairmen of the two committees had agreed with plaintiff on com-

Lloyd v. Territory, 19 Haw. 520.

pensation therefor, it accepted and used the result of the work, that in effect constituted a ratification of the acts of the speaker and the chairmen of the committees in that regard.

"The rule is well settled that where a principal accepts the benefits of an unauthorized act of an agent with knowledge, actual or constructive, of all the material facts, he is deemed to have ratified the act and is bound thereby." *Harrison v. Magoon*, 14 Haw. 418, 424.

The demurrer is overruled, defendant being allowed twenty days within which to answer, if so advised.

*R. P. Quarles* for plaintiff.

*E. W. Sutton, Deputy Attorney General*, for defendant.